PIQUA (City), Plaintiff-Appellee, v. COLLETT, Sr., Defendant-Appellant.

Ohio Appeals, Second District, Miami County.

No. 509.   Decided November 8, 1956.

R. K. Wilson, Piqua, for plaintiff-appellee.
Forrest L. Blankenship, Troy, for defendant-appellant.

**OPINION**

By HORNBECK, J.:

This is an appeal on questions of law from a conviction and sentence of defendant-appellant of a charge of operating a motor vehicle on a public street in the City of Piqua while under the influence of intoxicating liquor. Seven errors are assigned, which we set out as we consider and discuss them.

1. The action of the trial court is overruling defendant's motion for his dismissal for the reason that he was arrested without warrant on Sunday, November 6, 1955, for the offense with which he is charged, which is not treason, felony or breach of the peace.

In support of this assignment, appellant cites and comments upon a case recently decided by this Court, State v. McCoy, 99 Oh Ap 161. Without discussing in detail the facts upon which the McCoy opinion was rendered, suffice to say that in the instant case, although there was an arrest on Sunday, there also was an affidavit charging the defendant with the offense for which he went to trial, on Monday, November 7, 1955 upon which affidavit warrant was issued, to which the appellant responded, was arraigned and entered his plea of not guilty. This, in our judgment, cured the infirmity, if any, which resulted from the arrest of defendant on Sunday. Because it is not necessary to this decision, we do not discuss whether or not the charge against defendant is based upon a breach of the peace.

2. The second assignment is that the court erred in admitting into evidence, over the objections of defendant, a gun found in defendant's automobile, because the gun was not connected in any way with the offense with which defendant was charged.

We find no objections interposed by defendant to the admission of this evidence. It is urged that there was prejudicial error in that the court failed to charge any purpose for which the evidence was admitted. Assuming that the court should have charged on the subject, it was not an error of commission not to do so, inasmuch as counsel for appellant did not request such a charge.

3. That the court erred in admitting evidence of alleged acts and conduct of defendant which occurred subsequent to the date of the offense charged and not in any way connected therewith and not relevant to any factual issue.

4. In overruling objection of the defendant to the form and substance of questions put to witnesses for the plaintiff resulting in the admission of improper evidence.

This assignment is argued at length in appellant's brief and attention specifically directed to rulings of the court, found at certain pages of the record, which are set out.

Practically all of the questions and answers to which objection is interposed were developed on cross-examination of witnesses who, in

chief, had testified to the good reputation of defendant for sobriety, peacefulness and credibility. The questions directed attention to specific acts which, if known to the witnesses, may have affected their opinion. Wide latitude is granted on cross-examination of a witness. Clark v. Stewart, 126 Oh St 263. The acceptance of such testimony is largely within the discretion of the trial judge. Hanoff v. State, 37 Oh St 178; Fabian v. State, 97 Oh St 184. It should be noted that none of this testimony was introduced by the State, in chief, but was developed only on cross-examination of witnesses for the defense. The objections to the questions propounded to the wife of defendant, many of them of like character as were put to the aforementioned witnesses, were based upon the claim in the main that the wife's testimony was privileged; Record, p. 197. Inasmuch as the defendant elected to place the witness on the stand, the privilege was waived, if the testimony otherwise was privileged. But the subject matter of the evidence did not come within the category of privileged communications.

Specifically, the cross-examination of the witness, Earl Eichelberger, as found at pages 163, 164, 165 and 166, to which objection was interposed, was properly admitted.

No objection was interposed to the testimony of Lewis Beaman at pages 170 and 171. No objection was interposed to the testimony of Rebecca Collett at page 191. The answer at page 192 was not damaging and could not be rebutted. There was no objection to the testimony at page 193. The testimony at pages 194 and 195, cross-examination of defendant's wife as to some things that may have been said to her respecting her intoxication by some officer, was not proper and should not have been admitted. This was not matter which was subject to impeachment. Morrison v. Cleveland, 17 O. C. C. N. S. 241. The objection of defendant to the question put on cross-examination, page 196, was sustained. The questions to which objections were made, pages 202 and 203, were properly admitted. Testimony at pages 243 and 244, to which objection is now noted, was not objected to when admitted. The testimony of James Rice, Chief of Police of Covington, Ohio, respecting permission which it was claimed he had given to defendant to carry a gun, was improperly admitted. This evidence developed by the testimony of defendant on cross-examination was not the subject of rebuttal.

The fifth assignment is that the verdict of the jury was the result of passion and prejudice against the defendant resulting from improper rulings of the court, and the sixth, the verdict is not sustained by the weight of the evidence and is contrary to law. The seventh is practically the same as the fifth.

With the exception of the errors which we have heretofore found, there are no others to which any assignment is directed.

Certain questions were put to the defendant whether he had been arrested. Such questions are not proper, but should be coupled with the further element—"and convicted of a criminal offense." However, no objection was interposed to this testimony.

Upon a careful consideration of the record (which is voluminous) in its entirety, we are of opinion that the errors were not of such conse-

quence as that it may be found that they were prejudicial to the defendant requiring a reversal and a remand for a new trial.

Judgment will be affirmed.

MILLER, PJ, WISEMAN, J, concur.